UNITED STATES BANKRUPTCY COURT
FOR THE
EASTERN DISTRICT OF KENTUCKY
PIKEVILLE DIVISION

IN RE:                              CHAPTER 7
    Matthew E. Caudill              BANKRUPTCY NO. 03-71028-JMS
    Debtor

## REAFFIRMATION AGREEMENT

* * * * * *

    Matthew E. Caudill, Debtor, hereby voluntarily reaffirms the indebtedness due Whitaker Bank fka Bank of Whitesburg, Creditor, and agrees to comply with all the terms set forth in the instruments on which the indebtedness is based and agree to pay Creditor the sum of $12,403.61, the balance due, plus interest at the rate set forth in the instruments from November 4, 2003, plus reasonable attorneys' fees, all of which is payable at the rate of $264.79 per month until fully paid, beginning on November 13, 2003, and Debtor waives discharge of this debt.

    Matthew E. Caudill, Debtor, hereby voluntarily reaffirms the indebtedness due Whitaker Bank fka Bank of Whitesburg, Creditor, and agrees to comply with all the terms set forth in the instruments on which the indebtedness is based and agree to pay Creditor the sum of $3,439.26, the balance due, plus interest at the rate set forth in the instruments from November 4, 2003, all of which is payable at the rate of $224.46 per month until fully paid, beginning on November 13, 2003, and Debtor waives discharge of this debt.

Y7C (FFM)/03-35731-0

It is agreed and understood as follows:

1. This Agreement will not be enforceable until the requirements of 11 U.S.C. §524(c) and (d) have been met.
2. This Agreement may be rescinded by Debtor at any time prior to discharge or within sixty days after it is filed with the Court, whichever occurs later, by giving notice of rescission to Creditor. Notice of rescission must be in writing, filed with the court, and mailed to the creditor.
3. This Agreement is not required under the Bankruptcy Code, under nonbankruptcy law, or under any agreement not in accordance with the provisions of 11 U.S.C. §524(c).
4. If the debt being reaffirmed is secured by any collateral, then it is agreed that Debtor shall, during the interim period until this Agreement is enforceable, and thereafter, remain in full possession of the collateral, which collateral is described in the instruments previously executed. Provided, however, that Debtor agrees to surrender possession of said collateral to Creditor immediately upon (a) failure of the Debtor to furnish sufficient proof of insurance, make each payment when due or otherwise fail to comply with any term of this Agreement or any term of the instruments previously executed, or (b) rescission of this Agreement prior to its becoming enforceable.
5. If this Agreement is rescinded, Debtor agrees that Creditor shall retain all payments made prior to rescission.

Executed this _27th_ day of _January_,
20_04_.

Y7C (FFM)/03-35731-0

_____
Matthew E. Caudill, Debtor

_____
Robert D. McIntosh
Counsel for Creditor
MAPOTHER & MAPOTHER, P.S.C.
801 West Jefferson Street
Louisville, KY  40202
502-587-5402

I hereby declare that I
represented Debtor during the
negotiation of this Agreement,
and it represents a fully
informed and voluntary agreement
by Debtor and does not impose an
undue hardship on Debtor or a
dependent of Debtor.  Further, I
have fully advised Debtor of the
legal effect and consequences of
(a) signing this Agreement and
(b) any default under this
Agreement.

_____
Counsel for Debtor
Jeanne K. Channell
Attorney at Law
203 W. Main Street # 206
Whitesburg, KY  41858
606.633.0676

Y7C (FFM)/03-35731-0